TATE, Judge
(dissenting).
This crippled workingman, a roughneck with five children (of six and under), formerly employed for wages far exceeding compensation for disability, has now been denied workmen’s compensation because the majority accepts the testimony of two specialists (Dr. Rafes, a neurosurgeon, and Dr. Schneider, an orthopedist) who testified for the defendant insurer that the claimant was not disabled upon the basis of a single examination each in August of 1965. (Dr. Rafes did not even recall whether the patient was white or colored.)
In reversing, the majority thus finds that the trial court committed manifest error in accepting instead the testimony of Dr. Homer Kirgis, a noted authority in the field of neurosurgery, who as head neurosurgeon at the world-famous Ochsner Foundation in New Orleans reached a considered conclusion that the claimant was disabled by a herniated disc. This conclusion was based upon objective findings demonstrated by accepted clinical tests through discography, a testing procedure used routinely at his institution, as well as upon his observation of the claimant and that of his staff upon his several examinations and during the claimant’s hospitalization in the Ochsner Foundation Hospital for four days for clinical testing to determine the cause of the claimant’s continued complaints of back pain.
In dismissing the claimant’s suit, the majority thus fails to award him any compensation whatever for disability arising from his accident of February 20, 1965, although in August of 1965 both specialists (Drs. Schneider and Rafes) found objective symptoms of pain, which they ascribed to lumbosacral sprain rather than disc. Tr. 119, Tr. 151-152. Even if the claimant was not disabled by a herniated disc as the majority now holds, he is certainly entitled to compensation for at least this initial disability through August because of his back-sprain (for which he was paid compensation only through April).
I am somewhat at a loss as to how the majority concluded that the testimony of the defendant’s two specialists, who admitted that they were not expert in the use of discography and who disapproved of this modern technique now used routinely at Ochsner’s, could be of any weight in indicating that Dr. Kirgis and the Ochsner staff had committed error in their interpretation of the discograms as showing objectively the herniated disc diagnosed by them. It is also somewhat disconcerting to be told that discography is a controversial procedure because these two specialists do not like it, when the testimony indicates that it is an accepted testing procedure used by many neurosurgeons and orthopedists.
The majority has thus thrown out the opinion of a leading neurosurgeon, based upon extended observation and objective tests, and has accepted instead the testimony of two specialists who saw the claimant only once and whose diagnosis was made without the basis of any objective tests and who found symptoms of disability although they did not ascribe the same cause for it. It is of interest that Dr. Rafes himself, on the occasion of his initial examination of the claimant at the instance and cost of the defendant, had been seriously enough impressed by the claimant’s complaints and symptoms so as to recommend objective *426 testing procedure. Especially considering that the symptoms of herniated discs discernible upon simple medical examination are variable and often subside with non-exertion, it seems anomalous to me that in this instance the majority has accepted the testimony of two specialists who saw the claimant only once in preference to the specialist who had the opportunity for more extended observation, thus disregarding the usual rule that the latter physician’s opinion is entitled to more weight. See West’s Louisiana Digest, Workmen’s Compensation, Number 1418 for many citations.
Likewise, it is difficult for the writer to understand why the majority now refuses to follow the well-established rule that a trial court will not be reversed on factual questions in the absence of manifest error. As stated just several months ago by us, “Where there is a conflict in the evidence, the reviewing court should not reverse the judgment of the district court where there is evidence in the record which, when reasonably construed, supports the conclusions reached by the district judge.” Ware v. J. Ray McDermott & Co., La.App., 180 So.2d 573, 577.
After all, the trial court has seen and heard all of the lay witnesses with their testimony as to the claimant’s work-history and before-and-after complaints. In view of this entire record, including the eminent Dr. Kirgis’s considered diagnosis, the trial court found the claimant disabled. I am unable to see any warrant for the majority’s reversal because of contrary opinions by two local specialists, each of whom saw the claimant only once.
For the foregoing reasons, I respectfully dissent from the reversal of the trial court by the opinion of the majority upon rehearing.